```
IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK
---------------------------------------X
                                            Civ.Act.No. 1:24-cv-08333
                                                        (JAM)
RONALD FRIEDRICH FUNKE &
A.F., a minor child,

                     Plaintiffs,       AMENDED COMPLAINT

      v.


JETBLUE AIRWAYS CORPORATION,

                     Defendant.

---------------------------------------X
```

Plaintiff Ronald Friedrich Funke (Ronald Funke) and plaintiff A.F., by and through their counsel, James Montgomery of Dunning Rievman & MacDonald LLP, respectfully allege for their Amended Complaint and Jury Demand as follows:

1. On June 25, 2024, Ronald Funke and his daughter plaintiff A.F. flew on JetBlue Airways Corporation ("defendant"), flight no. B6-557 from John F, Kennedy ("JFK") airport in New York City to Aruba.

2. Plaintiffs were flying to Aruba for the start of a family vacation.

3. Plaintiffs were travelling with the knowledge and consent of Nancy Funke, the wife of plaintiff Ronald Funke and the biological mother of A.F.

1

4. Plaintiff Ronald Funke is Caucasian, male and was sixty-nine years old at the material time.

5. Nancy Funke is an American-born Chinese.

6. Plaintiff A.F. is the biological child of plaintiff Ronald Funke and Nancy Funke.

7. Plaintiff A.F. was fourteen years old at the material time and a minor.

8. Plaintiff A.F. is a member of a racial minority, a Eurasian.

9. At all material times defendant intentionally discriminated against plaintiffs on the grounds of plaintiff A.F.'s race.

10. By reason of the matters complained of herein, defendant intentionally discriminated against plaintiff A.F., inter alia, in relation to her right to enjoy the benefit of the contract for air travel from JFK to Aruba made with defendant, free from such discrimination by defendant.

11. Plaintiff Ronald Funke was travelling on a United States passport in his own name.

12. Plaintiff A.F. was travelling on a U.S. passport in her own name.

13. Plaintiff Ronald Funke's ticket was issued in the family name of Funke and was a round trip ticket bought using his aforesaid U.S. passport.

14. Plaintiff A.F.'s ticket was issued in the same last name and was a round trip ticket bought using A.F.'s U.S. passport.

15. All the aforesaid tickets for air travel were purchased by plaintiff Ronald Funke from defendant and plaintiff Ronald Funke thereby made a contract with defendant, of which plaintiff A.F. was a third-party beneficiary.
16. All members of the Funke family have travelled regularly to Aruba from New York City over several years, since they own a vacation home on Aruba.
17. Plaintiff Ronald Funke is a long-standing "Full Mosaic" member, a customer loyalty program operated by defendant and has been flying to Aruba on defendant's aircraft for many years and with plaintiff A.F. since she was an infant.
18. Plaintiffs exhibit an obvious and visible racial difference from one another.
19. Plaintiffs boarded their flight at JFK airport without incident, showing their passports and tickets as they did so.
20. During the flight plaintiffs busied themselves with their respective in-flight distractions.
21. Plaintiffs sat at the very front of the cabin near the cabin crew station.
22. During the flight while plaintiff Ronald Funke was in the lavatory, a female cabin crew attendant asked plaintiff A.F. whether she was "okay", to which A.F. replied that she was.
23. On arrival on Aruba, plaintiffs were the first to disembark.

24. As plaintiffs stepped out of the aircraft, there were four men standing in the exit tunnel leading from the aircraft to the terminal, who turned out to be two Aruban police officers, a Dutch police officer and a U.S. immigration official.

25. Plaintiffs had just passed these four men, when a voice from the airplane called out "that's them" and plaintiffs were then detained in the tunnel, separated from one another and interrogated aggressively in the tunnel and terminal in full view and hearing of all other disembarking passengers, causing plaintiffs great embarrassment, humiliation, emotional pain and suffering.

26. Plaintiffs' passports were taken from them by the aforesaid officers.

27. In sum and substance, plaintiff Ronald Funke was accused by the aforesaid officers of illegally trafficking his own biological child, plaintiff A.F.

28. After approximately fifteen minutes of this treatment, plaintiffs were given back their passports and allowed to proceed to collect their baggage.

29. As plaintiffs collected their baggage, other passengers from the same flight stared at them and pointed them out, causing plaintiffs further embarrassment, humiliation, emotional pain and suffering.

4

30. On information and belief, one or more of defendant's crew had communicated from the aircraft with the ground authorities either in the United States, Aruba or both and made, on information and belief, a report of criminal conduct by plaintiff Ronald Funke, namely the trafficking of plaintiff A.F.

31. Such communication from the aircraft was an act of intentional discrimination against plaintiffs by defendant's crew based on differences in race, age and/or sex between them.

32. Such assumptions would not have been made had both plaintiffs been white and it was their racial difference, and/or their differences of age and sex, which resulted in the aforesaid communication and intentionally discriminatory treatment of plaintiffs by defendant's crew.

33. But for the racial difference between plaintiffs none of the facts complained of herein would have occurred.

34. Further or alternatively, but for the age difference between plaintiffs none of the facts complained of herein would have occurred.

35. Further or alternatively, but for the sex difference between plaintiffs none of the facts complained of herein would have occurred.

36. Further or alternatively, the aforesaid communication from

5

    the aircraft defamed plaintiff Ronald Funke in that it was a false statement, published to a third party without privilege or authorization and caused said plaintiff harm or was actionable regardless of harm.

37. Further, said statement was made with actual malice in that defendant knew it was false when made or was made with reckless disregard whether it was true or false.

38. At all material times the defendant's crew were employed by defendant and were acting in the course of their employment.

39. No attempt or an insufficient attempt was made by defendant's crew to investigate and establish facts pertaining to the plaintiffs prior to making the aforesaid communication.

40. Defendant is vicariously liable for the intentional discrimination complained of herein and inflicted on plaintiffs by defendant's employees and/or agents.

41. Plaintiff A.F. was so upset by this experience that she has declared she no longer wishes to fly alone with her father, plaintiff Ronald Funke.

42. Plaintiff A.F. has been made to feel self-conscious about her appearance and race by virtue of the treatment she received, initiated by defendant's unwarranted and intentionally discriminatory conduct and communication.

43. Plaintiff Ronald Funke is a citizen of the United

States, and was at all relevant times a resident of, and domiciled in the State of New York, Queens County.

44. Plaintiff A.F. is a minor citizen of the United States, and was at all relevant times a resident of, and domiciled in the State of New York, Queens County.

45. Defendant JetBlue Airways Corporation is a for profit foreign business corporation incorporated and existing in the State of Delaware doing business in New York, within the Eastern District.

46. At all times relevant to the subject matter of this Complaint, defendant JetBlue Airways Corporation owned and operated an airline.

47. Plaintiffs demand trial by jury of all issues capable of being so tried.

48. Defendant's actions, as described herein, were intentionally discriminatory and a violation of plaintiffs' federally protected or other rights protected by law, and defendant engaged in these actions and omissions intentionally, willfully, and/or wantonly, demonstrating deliberate indifference to, and a reckless disregard for plaintiffs' legal rights.

49. Plaintiffs bring this action against defendant alleging violations of 42 U.S.C. § 1981 and violations of the New York State Human Rights Law (Executive Law, Article 15) and

7

the New York City Human Rights Law (Title 8 to the Administrative Code of the City of New York.

## JURISDICTION AND VENUE

50. This action is brought under 42 U.S.C. § 1981. The federal jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331.
51. The supplemental jurisdiction of this Court under 28 U.S.C. § 1367 is invoked for plaintiffs' New York State and New York City law claims, in that such claims are so related to the federal claim that they form part of the same case or controversy.
52. Jurisdiction supporting plaintiffs' claims for attorney's fees and costs is conferred by 42 U.S.C. § 1988 and pursuant to state and city laws.
53. Venue is proper under 28 U.S.C. § 1391 because (i) the sole defendant resides within the Eastern District of New York and (ii) a substantial part of the events or omissions giving rise to plaintiffs' claims occurred within the Eastern District of New York.

<u>FIRST CLAIM FOR RELIEF</u>
<u>42 U.S.C. § 1981 by</u>
<u>Plaintiff A.F.:</u>
<u>Race Discrimination in Performance of Contract</u>

54. Plaintiffs hereby incorporate all foregoing paragraphs of this Complaint as though fully set forth hereunder.

55. Plaintiff A.F. is a member of racial minority, to wit she is of mixed Caucasian and Asian parentage ("Eurasian").

56. Plaintiff A.F. had the benefit of a contract with defendant for airline travel within the meaning of 42 U.S.C. § 1981.

57. On information and belief, plaintiff A.F. met defendant's standard requirements for airline travel.

58. Defendant through its employees or agents, intentionally discriminated against plaintiff A.F. on grounds of her Eurasian race.

59. Such discrimination concerned one or more of 42 U.S.C. § 1981's enumerated activities, including the right to make and enforce contracts and to the full and equal benefit of all laws and proceedings for the security of persons.

60. Defendant denied plaintiff A.F. the ability to disembark without being confronted by police officers and an immigration officer, the benefit of traveling through the tunnel into the terminal without being detained, and the privilege of utilizing the full services of defendant

without being subjected to racial harassment and or harassment based on her Eurasian race and suffering consequent gross humiliation.

61. As a result of defendant's discriminatory treatment, plaintiff A.F. was subjected to embarrassment, humiliation, fear and has suffered significant injury, damage and loss.

62. Plaintiff A.F. demands compensatory damages against defendant by virtue of the matters alleged, in an amount to be determined at trial in excess of $150,000, exclusive of costs and interest.

63. Plaintiff A.F. demands punitive damages against defendant by virtue of the matters alleged, in an amount to be determined at trial.

64. Plaintiffs demand reasonable attorney's fees in an amount to be determined at trial.

<u>SECOND CLAIM FOR RELIEF</u>
<u>Violation of NYS Human</u>
<u>Rights Law by both</u>
<u>Plaintiffs</u>

65. Plaintiffs hereby incorporate all foregoing paragraphs of this Complaint as though fully set forth hereunder.

66. Defendant's aircraft on which plaintiffs travelled was a place of public accommodation.

67. Defendant intentionally discriminated against plaintiffs by its less favorable treatment of plaintiffs compared to the treatment of other passengers, as alleged in this Complaint.

68. Such less favorable treatment was on the grounds of the difference in race, or in age or in sex between plaintiffs, or a combination thereof.

69. Plaintiffs were denied the benefit of air travel without unlawful discrimination by reason of the defendant's conduct.

70. Further or alternatively, defendant discriminated against plaintiff Ronald Funke on account of the race of another, namely plaintiff A.F.

71. As a result of defendant's discriminatory treatment, plaintiffs were subjected to embarrassment, humiliation, fear and have suffered significant injury, damage, and loss.

72. Plaintiffs demand compensatory damages against defendant by virtue of the matters alleged, in an amount to be determined at trial in excess of $150,000, exclusive of costs and interest.

73. Plaintiffs demand punitive damages against defendant by virtue of the matters alleged, in an amount to be determined at trial.

74. Plaintiffs demand reasonable attorney's fees in an amount to be determined at trial.

THIRD CLAIM FOR RELIEF
Violation of NYC Human
Rights Law by both
Plaintiffs

75. Plaintiffs hereby incorporate all foregoing paragraphs of this Complaint as though fully set forth hereunder.
76. Defendant's aircraft on which plaintiffs travelled was a place of public accommodation.
77. Defendant intentionally discriminated against plaintiffs by its less favorable treatment of plaintiffs compared to the treatment of other passengers, as alleged in this Complaint.
78. Such less favorable treatment was on the grounds of the difference in race, or in age or in sex between plaintiffs, or a combination thereof.
79. Plaintiffs were denied the benefit of air travel without unlawful discrimination by reason of the defendant's conduct.
80. Further or alternatively, defendant discriminated against plaintiff Ronald Funke on account of the race of another, namely plaintiff A.F.
81. As a result of defendant's discriminatory treatment,

plaintiffs were subjected to embarrassment, humiliation, fear and have suffered significant injury, damage, and loss.

82. Plaintiffs demand compensatory damages against defendant by virtue of the matters alleged, in an amount to be determined at trial.

83. Plaintiffs demand punitive damages against defendant by virtue of the matters alleged, in an amount to be determined at trial in excess of $150,000, exclusive of costs and interest.

84. Plaintiffs demand reasonable attorney's fees in an amount to be determined at trial.

FOURTH CLAIM FOR RELIEF
Defamation of Ronald Funke

85. Plaintiff Ronald Funke hereby incorporates all foregoing paragraphs of this Complaint as though fully set forth hereunder.

86. Any communication or statement made from defendant's aircraft which accused or suggested plaintiff Ronald Funke was criminally trafficking plaintiff A.F. was defamatory in that:

    (a)   It was a false statement;

    (b)   made to a third party;

    (c)   without authorization or privilege;

(d) which either harmed plaintiff or which was defamatory per se.

87. Further, said communication or statement was made with actual malice in that defendant made the same with knowledge that it was false, or the same was made with reckless disregard whether it was false or not.

88. Plaintiff Ronald Funke demands compensatory damages against defendant by virtue of the matters alleged, in an amount to be determined at trial in excess of $150,000, exclusive of costs and interest.

89. Plaintiff Ronald Funke demands punitive damages against defendant by virtue of the matters alleged, in an amount to be determined at trial.

90. Plaintiff Ronald Funke demands reasonable attorney's fees in an amount to be determined at trial.

WHEREFORE, Plaintiffs demand Judgment against the defendant on all claims and an award of (i) compensatory damages as determined by the jury at trial; (ii) punitive damages as determined by the jury at trial; (iii) pre and post judgment interest as allowed by law; (iv) reasonable attorney's fees; (v) such other and further relief as this Court deems just and necessary.

DUNNING RIEVMAN & MACDONALD LLP


*/s/ James Montgomery*  130-1.1(a)
James Montgomery (of counsel)
1350 Broadway, Suite 2220
New York, NY 10018
Tel: 646-509-1852
jmontgomery@drmlaw.com
EDNY Bar No. JM 0533
*Attorneys for Plaintiffs*

VERIFICATION

STATE OF NEW YORK       )
                        ) SS.:
COUNTY OF QUEENS        )

RONALD F. FUNKE, being duly sworn, states that he is a plaintiff in this action and the father of the infant plaintiff, A.F., that he has custody of said infant plaintiff, and that the foregoing Complaint is true to his own knowledge, except as to matters therein stated to be alleged on information and belief and as to those matters he believes it to be true.

_____
RONALD F. FUNKE

Subscribed and sworn to before me on
December 12, 2024

_____
Notary Public

JAMES ARDRAN MONTGOMERY
Notary Public, State of New York
No. 02MO6053136
Qualified in Queens County
Commission Expires, Jan. 22, 2027

STATE OF NEW YORK       )
                        ) SS.:
COUNTY OF QUEENS        )

A.F., being duly sworn, states that she is the infant plaintiff in this action, and that the foregoing Complaint is true to her own knowledge, except as to matters therein stated to be alleged on information and belief and as to those matters she believes it to be true.

_____
A.F.

Subscribed and sworn to before me on
December 12, 2024

_____
Notary Public

JAMES ARDRAN MONTGOMERY
Notary Public, State of New York
No. 02MO6053136
Qualified in Queens County
Commission Expires, Jan. 22, 2027